## WOOD v. GALLAHER. (No. 12074.)

Court of Civil Appeals of Texas. Fort Worth. Oct. 27, 1928.

Rehearing Denied Dec. 1, 1928.

C. W. Johnson, Jr., of Graham, for appellant.

Marshall & King, of Graham, for appellee.

DUNKLIN, J. On June 1, 1925, J. J. Gallaher purchased 200 shares of capital stock of the Western Packing Company, of the face value of $20,000. The consideration for the purchase was upon a basis of 50 cents on the dollar, or $10,000 in the aggregate. In order to make the purchase, Gallaher borrowed from C. L. Wood $9,000, and executed to Wood his promissory note in that sum, dated May 30, 1925, payable six months after date. The stock certificate issued to Gallaher was by agreement between him and Wood turned over to Wood, to be held by him as collateral security for the payment of the note. Gallaher never had possession of the stock at all, it being turned over to Wood as soon as it was issued. Later, and on November 14, 1925, Gallaher executed to him a written transfer of the stock, which was indorsed thereon as follows:

"For value received, I hereby sell, transfer and assign to C. L. Wood (200) Two Hundred shares of stock within mentioned and hereby authorize Western Packing Company to make the necessary transfer on the books of the corporation.

"Witness my hand and seal this 14th day of November, 1925.

"J. J. Gallaher."

This suit was instituted by Wood against Gallaher to recover the amount claimed to be due him according to the terms of said note, with a foreclosure of lien on the stock, and, from a judgment in favor of Gallaher, the plaintiff has appealed.

The defendant pleaded payment of the note under and by virtue of an agreement between him and Wood, in effect as follows: It was alleged that the transfer of the stock certificate noted above was executed by Gallaher under an agreement made at the time between him and Wood that title and ownership to said stock would thereby be vested in Wood, and in consideration therefor Wood would surrender and cancel the note he then held against Gallaher; that Wood did not have the note present at the time, but agreed to procure and surrender it to Gallaher later. By supplemental petition filed by Wood the allegations of the plea of payment were expressly denied, and, according to evidence introduced by plaintiff, the transfer of the stock certificate to him by Gallaher was for the sole purpose of enabling the transferee to vote the stock at a meeting of the directors of the corporation, then in contemplation, and that such was the understanding between the parties at the time. And Wood testified from memory, before the stock certificate with the indorsement therein was produced and offered in evidence, that the transfer indorsed on the stock was to M. S. Jordan, who was also a stockholder in the corporation.

Only one issue was submitted to the jury before whom the case was tried, and the following is that issue with the finding of the jury thereon:

"Was it understood between plaintiff Wood and defendant Gallaher on November 14th, 1925, that the Gallaher stock was indorsed and delivered in full and complete satisfaction of the $9,000.00 note sued upon herein? Answer: Yes."

That verdict was the basis of the judgment rendered.

Error has been assigned to the refusal of the court to give to the jury appellant's requested instruction, in substance, that a pledgee of stock, holding the same by written transfer from the pledgor as security for money loaned, has the legal right to have the old stock certificate canceled, and a new stock certificate issued to the pledgee, with the right of the pledgee to collect any dividends accruing on the stock, and to apply the same on any indebtedness of the pledgor to the pledgee, and the further right in the pledgee to vote the stock of the corporation in any meeting of the stockholders.

On the issue determined by the jury, the testimony was sharply conflicting; that introduced by appellant tending to support his contention as indicated by his pleadings, while that introduced by Gallaher tended strongly to support his plea of payment of the note sued on.

There was no error in refusing the request-

ed instruction, since the legal principle therein contained was in no sense an issue in the case on which plaintiff's right of recovery or the defense of payment was based, and the giving of it would have been objectionable as a charge, on the weight of the evidence. The instruction requested tended to discredit appellee's testimony, to the effect that the transfer of the stock was made in full satisfaction and payment of the note, and to corroborate the testimony offered by plaintiff of a contrary effect, and appellant's purpose in requesting it was that it should have that effect. Several authorities cited by appellant, such as First National Bank of Gatesville v. Mings, 11 Tex. Civ. App. 302, 32 S. W. 178, and Seeligson v. Brown, 61 Tex. 114, sustain the rule of law announced in the requested instruction, but are in no sense adverse to our conclusion noted above.

█ Another assignment of error is presented to the failure of the court to grant a new trial, because, as claimed by appellant, the verdict of the jury was contrary to the evidence. In view of the testimony already referred to, that assignment is overruled.

The judgment of the trial court is affirmed.

## On Motion for Rehearing.

The following statement contained in our opinion on original hearing is hereby withdrawn, to wit:

"And Wood testified from memory before the stock certificate with the indorsement thereon was produced and offered in evidence, that the transfer indorsed on the stock was to M. S. Jordan, who was also a stockholder in the corporation."

In that statement the name of M. S. Jordan was used inadvertently for Walter Douglas. The testimony of appellant, C. L. Wood, as shown in the statement of facts, was in part as follows:

"I testified awhile ago that I was in the Dolman Hotel on November 14, 1925, and I had a conversation with Mr. Gallaher. If I remember correctly, that conversation was in room #38. Douglas and Gallaher and myself were present. * * * He (Gallaher) endorsed that stock on his desk there. Mr. Douglas wanted a proxy from Gallaher to vote his stock, or wanted him to give somebody a proxy to vote his stock, I was there; I am telling you what I heard, we went down in the hotel to draw up this proxy. * * * He (Gallaher) says, I will indorse this and it will act as a proxy. This happened in the lobby of the Dolman Hotel—Douglas and Gallaher and myself were present. * * * Douglas heard the conversation in the room, he was there and took the stock. I was present when Mr. Gallaher signed this stock, I am certain of that. Previous to November 14, 1925, the stock had not been signed by Mr.

Gallaher. I don't think it had ever been voted by anybody. * * * I was present when Mr. Gallaher signed the stock. I couldn't say positively that I saw Gallaher deliver the stock to Douglas. It was made out to and delivered to Douglas to vote as a proxy. It was delivered to Douglas and it was not made out to me; it was left with me as security all the time, Mr. Gallaher never has had possession of the stock. I think I was back in Amarillo again in December after this stock had been signed and I saw it there, Mr. Douglas had taken it with him to Amarillo."

That testimony of appellant, Wood, was merely recited as tending to support the finding of the jury in favor of Gallaher, since it was in direct conflict with the written transfer of the stock to the plaintiff, C. L. Wood, and which transfer appears in the statement of facts, and also in conflict with the testimony of other evidence offered by Gallaher tending to show that the transfer of stock was made to plaintiff, Wood, in full satisfaction of the promissory note sued on.

Motion for rehearing is overruled.